IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION



SUPRE, INC.,

    Plaintiff,

v.   No. 3:94-CV-0503-T

CALIFORNIA SUNCARE, INC.,
a/k/a CALIFORNIA TAN,

    Defendant.

ENTERED IN DOCKET
 5/28/96  PURSUANT
TO F. R. C. P. RULES
58 AND 79a.

ORDER MEMORIALIZING RULING ON PLAINTIFF'S
OBJECTIONS TO DEFENDANT'S EXPERT WITNESS

    On May 21, 1996, the Court conducted a hearing on the Motion to Exclude the Testimony of Defendant's Expert Witness filed by Plaintiff Supre, Inc.  At the hearing, Defendant California Suncare, Inc., made its offer of proof.  After considering the motion, the response, and the testimony of Cal Tan's expert witness, Dr. Daniel J. Howard, the Court granted the motion and ordered the testimony excluded.

    Cal Tan and Supre compete in the marketing of tanning lotions and products.  The companies sell their products through numerous independent contractors, who in turn sell the products to tanning salons and other outlets.

    As competition between the parties escalated, Supre filed this action bringing claims for tortious interference with existing



contracts and business relations, and tortious interference with prospective contracts and business relations. Cal Tan then filed counterclaims under various trademark and copyright infringement theories. Cal Tan retained Dr. Howard to testify as an expert in the field of consumer confusion.

Supre contends that Dr. Howard's testimony is not based on any reliable scientific method and that it will not assist the trier of fact in determining whether there is a likelihood of consumer confusion between the parties' products.

The Federal Rules of Evidence require the Court to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. FED. R. EVID. 402; *Daubert v. Merrell Dow Pharmaceutical, Inc.*, 113 S. Ct. 2786, 2799 (1993); *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 (5th Cir. 1994). Evidentiary reliability is demonstrated by a showing that the foundation of the knowledge offered is more than unsupported speculation. *United States v. Posado*, 57 F.3d 428, 433 (5th Cir. 1995). Further, the Court may exclude evidence if its probative value is substantially outweighed by its prejudicial effect. FED. R. EVID. 403; *Marcel*, 11 F.3d at 567. Thus, the Court functions as a gate-keeper to ensure that the proffered expert testimony will assist the trier of fact to understand or determine a fact in issue. FED. R. EVID. 703; *Daubert*, 113 S. Ct. at 2796.

In this case, although Dr. Howard appeared qualified to testify as an expert, the Court finds that his testimony in this

case is not based in scientific method and would not assist the trier of fact. Dr. Howard's "method" consisted of a side-by-side visual comparison of the relevant products, after which he determined that there is a likelihood of consumer confusion of the competing products. After Dr. Howard made his initial determination, he testified that he contacted approximately 80% of the tanning salon's in the Dallas area, and questioned the salon workers regarding the relevant Cal Tan and Supre products. Dr. Howard testified that the responses he received confirmed his opinion regarding the likelihood of confusion.

The Court is of the opinion that the jury is equally capable of making a side-by-side comparison of the products and determining if there is a likelihood of confusion of the products. Also, the Court finds that the "survey" conducted by Dr. Howard was not conducted in a manner conducive to scientific reliability. *See Exxon Corp. v. Texas Motor Exchange of Houston*, 628 F.2d 500, 506-507 (5th Cir. 1980) (discussing scientific surveys); *King-Size, Inc., v. Frank's King Size Clothes, Inc.*, 547 F. Supp. 1138, 1157-58 (S.D. Tex. 1982) (same). There is no evidence that Dr. Howard's survey utilized generally accepted scientific principles or that it is subject to verifiability. There is also no evidence that the data gathered by Dr. Howard is trustworthy. Therefore, the Court, in its gate-keeping function, finds the probative value of this evidence to be outweighed by the danger of unfair prejudice because the foundation of the testimony is unreliable.

It is therefore **ORDERED** that the Motion to Exclude the Testimony of Defendant's Expert Witness filed by Plaintiff Supre, Inc., on May 3, 1996, is **granted**. The testimony of Dr. Daniel J. Howard is **excluded**.

Signed this 23rd day of May, 1996.

                                     Robert B. Maloney
                                     U.S. District Judge